IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RONNIE BOYD**                                                                                 **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.: 3:16-cv-255-NBB-JMV**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                         **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter is before the undersigned for a report and recommendation on Defendant's Motion to Dismiss—based on Eleventh Amendment Immunity pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. No opposition to the motion has been filed and the matter is ripe for decision. For the reasons that follow, the undersigned finds the motion well taken and recommends that it be GRANTED.

*Background*

Plaintiff alleges that, while incarcerated at the Mississippi State Penitentiary, he had a tooth abstracted, but a piece of the tooth was left in his gums, which causes him pain. Plaintiff is no longer incarcerated and lives in Ripley, Mississippi. In his complaint [1], plaintiff alleges that the negligence of the prison's dentist violated his constitutional rights. Therefore, plaintiff seeks $250,000.00 in monetary damages.

As the defendant has aptly explained in its motion to dismiss and supporting memorandum—most of which has been wholesale incorporated herein— Plaintiff's claims against it are subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

*Law and Analysis*

The Fifth Circuit treats the Eleventh Amendment as a limitation on subject-matter jurisdiction. *See U.S. v. Texas Tech University*, 171 F.3d 279, 288 (5th Cir. 1999), *cert. denied*, 530 U.S. 1202 (2000)).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Although the terms of the Eleventh Amendment nominally apply only to suits by "Citizens of another State," Supreme Court decisions have made clear that a State's immunity encompasses "suits by citizens against their own States." *See Board of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 356, 363 (2001) (citations omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Though Eleventh Amendment immunity may be abrogated by Congress or waived by the State, neither has occurred in this case. Congress may only abrogate a state's immunity pursuant to its authority under Section 5 of the Fourteenth Amendment. *Early v. Southern Univ. & Agric. & Mech. Coll. Bd. Of Supervisors*, 252 Fed. App'x. 698, 700 (5th Cir. 2007) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Congress has not lawfully abrogated Eleventh Amendment immunity through 42 U.S.C. §§ 1983. *Howlett v. Rose*, 496 U.S. 356, 364 (1990); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Hines v. Mississippi Dept. of Corrections*, 239 F.3d 366 (5th Cir. 2000). Neither has the state waived its own immunity from liability regarding 42 U.S.C. § 1983. In the Fifth Circuit, a State waives Eleventh Amendment immunity "either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *Meyers v. Texas*, 410

F.3d 236, 241 (5th Cir. 2005). In the instant case, the State of Mississippi has not invoked federal court jurisdiction.

Moreover, the Mississippi Legislature has not waived the State's immunity from liability in suits arising under 42 U.S.C. §§ 1983, 1984 and 1985. To the contrary, the Mississippi Tort Claims Act, the State's only explicit waiver of sovereign immunity, provides that "the 'state' and its 'political subdivisions'…are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity[.]" Miss. Code Ann. § 11-46-3(1). Moreover, the MTCA provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. § 11-46-5(4). Therefore, the State, has not waived its immunity from liability for claims brought pursuant to 42 U.S.C. §§ 1983 and 1985.

Further, Eleventh Amendment immunity extends to any state agency or entity deemed to be "an arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). In this respect, it is well established that the Mississippi Department of Corrections is an arm of the State of Mississippi and it is cloaked with the State's Eleventh Amendment immunity from suit. *See Williams v. Mississippi Dept. of Corrections*, No. 3:12CV259-CWR-FKB, 2012 WL 2052101, at *1–2 (S.D. Miss. June 6, 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment)*; Dandridge v. Mississippi*, No. CIV.A 208CV229KSMTP, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009).

In addition to being barred by Eleventh Amendment immunity, Plaintiff's federal claims are improper as a result of Plaintiff's failure to name as defendant a party that can be sued under 42 U.S.C. § 1983. The United States Supreme Court has succinctly held that the State, arms of the State and state officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983.

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, as a matter of statutory interpretation, MDOC is not amenable to suit under § 1983 in federal court.

Furthermore, even if the Plaintiff had stated a claim under state law, the result would be no different. The Mississippi Tort Claims Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11–46–5(4).

*Conclusion*

Accordingly, the undersigned recommends that Mississippi Department of Corrections' motion to dismiss be granted as the entity is entitled to Eleventh Amendment immunity from suit.

*Procedure for Filing Objections*

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this, the 7th day of December, 2017.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE